■ In the Matter of JAMES M., JR., Appellant, v LINDA M., Respondent. [649 NYS2d 805] —In a custody proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Queens County (Lauria, J.), dated October 28, 1993, which dismissed his petition for custody of and/or visitation with his son on the ground that "neither side [had] appeared". Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he

moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Frank A. Buono is relieved as attorney for the petitioner and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Betty A. Rugg, Esq., P.O. Box 0309, Baldwin, N. Y. 11510 is assigned as counsel to perfect the appeal; and it is further,

Ordered that the clerk of this Court is directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the petitioner within 90 days of the date of this decision and order; and it is further,

Ordered that the order is modified by deleting therefrom the following language "and neither side having appeared".

We note at the outset that the order appealed from states that the dismissal of the petition occurred because "neither side [had] appeared". Accordingly, this order would normally not be appealable (see, CPLR 5511). However, the transcript of October 28, 1993, clearly reflects that all parties appeared and that the Family Court dismissed the instant petition based on its decision in a related proceeding entitled *In the Matter of Commissioner of Social Servs., on Behalf of James M. (Linda M.)* under Docket No. N-5174-5/93 in which the mother of James M. III was found, *inter alia*, to have neglected the child. Accordingly, this Court may correct the error in the order appealed from by deleting the provision thereof which reflects that neither party appeared (see, 10 Carmody-Wait 2d, NY Prac § 70:466).

Based upon this Court's independent review of the record, we conclude that arguable issues exist with respect, *inter alia*, to whether the court sufficiently addressed the petitioner's petition for custody. Under the circumstances, the motion of the petitioner's assigned counsel to be relieved as counsel is granted and new appellate counsel is assigned. Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.